IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-01650-RPM

THE OUTDOOR LIVING COMPANY d/b/a FAUXCRETE, INC.,

    Plaintiff,

vs.

METLIFE INVESTORS USA INSURANCE COMPANY, and
METLIFE INVESTORS INSURANCE COMPANY,

    Defendants.

_____

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
_____

    The Outdoor Living Company d/b/a Fauxcrete, Inc. brought this action alleging it is entitled to receive $1,000,000, the face amount, of a life insurance policy issued by defendant MetLife Investors USA Insurance Company ("MetLife USA").  The defendants contend the plaintiff cannot recover the face amount based on the "Suicide Within One Year" provision in the life policy.

    The parties filed cross motions for summary judgment based on their dispute as to the policy language.

    The material facts are undisputed.  On February 14, 2005, the plaintiff submitted an Application for Individual and Multi-Life Life Insurance to defendant MetLife Investors Insurance Company ("MetLife"), to insure Brandon Ray Cushman, the plaintiff's then president, and paid the premium on February 15, 2005.

On March 9, 2005, MetLife USA issued a Term Life Insurance Policy - Yearly Renewable Term with Guaranteed Premiums, Number 205 037 825 US, in the face amount of $1,000,000 (the "Policy"). The "Owner" and "Beneficiary" of the Policy are the plaintiff, and the "Insured" is Cushman. The Policy provides that the "Date of Issue" and "Policy Date" are March 9, 2005, and the "Expiry Date" is March 9, 2006. The Policy further provides:

> \* \* \*
>
> Dates                     Policy years, months and anniversaries are all measured from the Policy Date. The contestable and suicide periods start on the Date of Issue. The Policy Date and the Date of Issue are both shown in the Policy Schedule.
>
> \* \* \*
>
> Suicide Within One Year   If the Insured dies by suicide, while sane or insane, within one year from the Date of Issue, the policy proceeds will be limited to the amount of the premiums paid, or the reserve if greater and required by state law.

Cushman committed suicide on March 9, 2006. The plaintiff submitted a claim form dated March 16, 2006, to the defendants for a lump sum settlement option of $1,000,000 under the Policy. By letter dated July 14, 2006, the defendants stated their liability was limited by the suicide within one year provision, and issued a premium refund in the amount of $1,826.91.

Under the terms of the Policy, the Policy proceeds are limited if the Insured dies "within one year from the Date of Issue" and the suicide period "start[s] on the Date of Issue." The Date of Issue is March 9, 2005. With the calculation of 365 days starting on - and therefore including - March 9, 2005, the one year period ended on March 8, 2006. C.R.S. § 10-7-019 is inapplicable because it applies to the "suicide of the policyholder" and Cushman was not the policyholder of the Policy. C.R.S. § 2-4-108 is inapplicable because it applies to the construction of statutes none of which are at issue here. Accordingly, Cushman's death was outside of the "suicide within one

year" provision. This interpretation is also consistent with the reasonable expectations of a policyholder. It is therefore

ORDERED that the plaintiff's Motion for Partial Summary Judgment on its first claim for breach of contract is granted and the defendants' cross motion is denied.

DATED: April 25, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge